UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**NATHANIEL PARKINSON, &**
**ANDREA L. PARKINSON**,

Debtor(s)

Chapter 13

Case No. 16-10656

**ORDER ALLOWING AND DISALLOWING CLAIMS**
**AND MODIFYING PLAN**

This matter came before the Court on the motion filed by the Debtor or Debtors (hereafter, the "Debtor"). After notice and hearing or opportunity for hearing, and for good cause shown, it is hereby ORDERED:

**I.    ALLOWANCE OF CLAIMS.** The following claims are allowed pursuant to 11 U.S.C. § 502 as follows.

   **A.    Administrative Expense Claims.** The trustee's fees shall be paid as provided by 28 U.S.C. § 586. Other administrative expense claims are allowed as follows, and the confirmed plan is modified only as necessary to provide for such claims.

| | |
|---|---|
| 1. Trustee statutory fee (calculated at 10% of plan total): | $2,115.10 |
| 2. Total Debtor's attorney fees and expenses allowed to date: | $1,600.00 |
| 3. Administrative expense reserve: | $2,050.00 |
| 4. Other: MDOL postpetition overpayment $700 @12%  As Set forth in Paragraph 1.F. | $826.00 |

   **B.    Secured Claims Paid Directly By Debtor or Third Parties.** The following secured claims shall be paid directly by the Debtor or a third party pursuant to the existing contract(s). The lien securing each such claim shall not be impaired. Each claim to be paid by the Debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the Debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral to the creditor, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its state-law interests against the collateral. If any portion of such secured claim has been or shall be paid by the trustee (e.g., to cure prepetition arrears), then such portion is allowed elsewhere in this order.

| Claim # | Creditor | Collateral | Details |
|---|---|---|---|
| 7 | FNMA/Ditech | Residence | Per contract |

   **C.    Secured Claims Paid By Trustee From Debtor's Funds.** The following secured claims are hereby allowed and have been or shall be paid by the trustee from funds paid by the

Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each secured creditor.

| Claim # | Creditor | Collateral | Allowed Claim or Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| 2 | Capital One Auto | Vehicle | $5,800.00 | 5%($432.54) | $560.00 through Month 9; $80.00/mo. Mos. 10-12; $250.00/mo. Mos. 13-33; $182.54 Month 34 |
| 7 | FNMA/Ditech | House | $7,663.11 | N/A | Pro rata |

**D. Cure of Executory Contracts and Unexpired Leases.** Monetary defaults on the following executory contracts and unexpired leases will be cured as follows by payments by the trustee from funds paid by the Debtor. The confirmed plan is modified only as necessary to provide for payment by the trustee as set forth below to cure each executory contract and/or unexpired lease.

| Claim # | Creditor / Lessor | Property | Allowed Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| | | | | | |

**E. Priority Claims.** The following priority unsecured claims shall be paid as follows by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Priority Creditor | Description of Claim | Allowed Claim |
|---|---|---|---|
| | | | |

**F. Administrative Postpetition Claims.** The following administrative postpetition claims shall be paid as follows by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Priority Creditor | Description of Claim | Allowed Claim | Treatment |
|---|---|---|---|---|
| 8 | Maine DOL | Unemployment overpayment | $700.00 plus 12%($126.00) interest | $103.25/mo. Mos. 13-20 |

**G. General Unsecured Claims.** The following unsecured claims not entitled to priority status are hereby allowed. Treatment of such claims, including provisions for Small Claims and other classes of general unsecured claims, is set forth in the confirmed plan, which is hereby modified as set forth below. Said claims, to the extent not paid, shall be discharged upon Debtor's completion of Chapter 13 plan requirements. The trustee shall pay such claims accordingly.

The sum of at least $1,249.90 shall be available for payment to allowed Class One and Class Two (Small) Claims, plus any unused portion of the administrative expense reserve.

| Claim # | General Unsecured Creditor | Allowed Claim | Minimum Dividend |
|---|---|---|---|
| 1 | Discover | $6,713.65 | $124.77 |
| 2 | Capital One Auto | $4,997.56 | $92.88 |
| 3 | Navient | $11,696.68 | $217.38 |
| 4 | Midland Funding | $1,863.13 | $50.00 |
| 5 | JPMorgan Chase | $36,437.57 | $677.17 |
| 6 | PRA | $4,718.71 | $87.70 |

**II. RESOLUTION OF OBJECTIONS TO CLAIMS.** The Debtor's objections to claims, if any, are resolved as follows:

| Claim # | Creditor | Disposition |
|---|---|---|
| 2 | Capital One Auto | **Claim is undersecured by value of collateral; claim shall be crammed down to value of collateral and bifurcated into secured ($5,800) and general unsecured ($4,997.56) claims, with former repaid at 5% interest and latter subject to discharge.** |
| 5 | JPMorgan | **Claim is wholly unsecured by value of collateral; Claim was filed as an unsecured claim with lien retention subject to discharge. Claim shall be treated as unsecured with lien released upon discharge** |

**III. MODIFICATION OF CONFIRMED PLAN.** The Debtor's plan is hereby modified pursuant to 11 U.S.C. § 1329 and the prior order confirming the plan is hereby amended as follows:

   **A.** Administrative reserve shall be increased to $2,050.00 due to lower than expected secured claims.
   **B.** General unsecured claims pot shall be increased to $1,249.90.
   **C.** Maine DOL's $700 postpetition claim shall be paid in full with interest.
   **D.** Plan arrears shall be addressed via modification as follows: as of September 11, 2017, Debtors have paid the Trustee $1,113.00 over 10 months (exclusive of a $1,516.00 excess 2015 tax refund). Commencing Month 11 (September 30, 2017), they shall continue to pay the Trustee $159.00 per month for 2 months, followed by $466.00 per month for 43 Months, followed by $332.72 Month 56. The plan shall run 56 months.

**IV. SUMMARY.**

| | |
|---|---|
| A. Total to be paid to trustee (not including excess tax refunds) | $21,801.72 |
| B. Distributions under modified plan | |
|    1. Trustee Statutory Fees | $2,180.17 |

| | |
|---|---|
| 2. Attorney fees and expenses allowed through plan to date | $1,600.00 |
| 3. Administrative expense reserve | $2,050.00 |
| 4. Secured claims including interest | $13,895.65 |
| 5. Unexpired leases and executory contracts | $0.00 |
| 6. Priority claims | $0.00 |
| 7. General unsecured claims: Class One and Class Two (minimum combined dividend) | $1,249.90 |
| 8. General unsecured claims: | $..00 |
| 9. Other: Administrative Claims | $826.00 |
| Total Distributions: | $21,801.72 |
| C. Excess tax refunds due to plan (to date) | $1,516.00 |

**V.  OTHER.**

Date: October 26, 2017

_____
Judge, United States Bankruptcy Court
District of Maine